IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN STEVEN BALLARD, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 11-CV-806-GKF-FHM |
| TERRY MARTIN, Warden, | ) ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2241 habeas corpus action. Before the Court is Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 5). Petitioner, a state inmate appearing *pro se* and presently incarcerated at Dick Conner Correctional Center, Hominy, Oklahoma, filed a response (Dkt. # 6) to the motion to dismiss. For the reasons discussed below, the Court finds Respondent's motion to dismiss shall be denied. Respondent shall file a response to the petition.

*BACKGROUND*

The record provided by the parties demonstrates that Petitioner was received into custody of the Oklahoma Department of Corrections (ODOC) on May 15, 1987, on his convictions entered in Tulsa County District Court, Case No. CF-1986-3892. In that case, Petitioner was convicted by a jury of Robbery With a Firearm, After Former Conviction of a Felony (Counts 1 and 2), and Possession of a Stolen Vehicle, After Former Conviction of a Felony (Count 3). He was originally sentenced to fifty (50) years on each of Counts 1 and 2 and to ten (10) years on Count 3, all to be served consecutively. His fifty (50) year sentences were later modified by the Oklahoma Court of Criminal Appeals (OCCA) to thirty-five (35) years. On November 22, 1989, Petitioner was paroled on Count 1 and rebilled to serve his sentence for Count 2. See Dkt. # 5, Ex. 4. On March 19, 2002,

Petitioner was paroled on Count 2 and rebilled to serve his sentence for Count 3. Id., Ex. 5. On October 8, 2004, he was paroled on Count 3 and discharged to the street. Id., Ex. 6. On December 27, 2010, his parole was revoked, based on his conviction entered October 4, 2010, in Ottawa County District Court, Case No. CF-2010-44A, and he was ordered to be incarcerated to serve the remaining portion of his sentence for Count 1, Case No. CF-86-3892, concurrently with the term received in CF-2010-44A, with no credit for street time. Id., Ex. 7.

On June 6, 2011, Petitioner began the process of exhausting administrative remedies by submitting a Request to Staff asking that he be credited on his sentence for Count 1 for time served while he was incarcerated on Counts 2 and 3 after having been paroled on Count 1. See Dkt. # 5, Ex. 8. He completed the exhaustion process on August 22, 2011, when the denial of his request for sentence credits was affirmed by the ODOC's Director Designee. Id. at 8.

On December 30, 2011, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises one (1) ground of error in his petition as follows: "The Oklahoma Department of Corrections is improperly calculating the earned credits to be applied to Petitioner's sentence on Count 1 of CF-86-3892." See Dkt.# 1. Petitioner argues that he is entitled to receive sentence credits for the time he was on parole on Count 1 but still incarcerated and serving his sentences on Counts 2 and 3. He asks that he be credited for 5,455 days, or for the time from November 22, 1989, when he was paroled on Count 1, to October 8, 2004, when he was released to the street on parole on Counts 2 and 3. See id. at 4. Petitioner also states that if he receives the sentence credits, he will not be "entitled to immediate release, rather only sooner release." Id. at 5.

On January 19, 2012, Respondent filed a motion to dismiss, arguing for dismissal based only on Petitioner's failure to exhaust state judicial remedies (Dkt. # 5). Respondent argues that

Petitioner has an available state court remedy for his claim, a petition for writ of mandamus. Petitioner filed an objection to Respondent's motion to dismiss, and argues that, because he would not be entitled to immediate release if granted the relief he requests, he has no available state court remedy. See Dkt. # 6.

### *ANALYSIS*

The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509 (1982). To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the Oklahoma Court of Criminal Appeals. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is based on the doctrine of comity. Coleman, 501 U.S. at 731. Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).

Section 2241 does not contain an express exhaustion requirement, but the Tenth Circuit Court of Appeals has held that exhaustion of available state remedies "is a prerequisite for . . . habeas relief." Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). A petitioner may satisfy the exhaustion requirement by showing either: "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or "that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted).

Petitioner admits that he has not presented his claim in a state court appeal, but argues that he has no remedies available in the Oklahoma courts. See Dkt. # 1 at 5. The Court agrees with Petitioner. As Petitioner points out, he lacks a remedy in state court unless he can demonstrate entitlement to immediate release. See Berryhill v. State, 43 P.3d 410, 411 (Okla. Crim. App. 2002) ("For a writ of habeas corpus Petitioner must establish that ... he is entitled to immediate release." (citations omitted)); Scales v. Walters, 905 P.2d 233, 235 (Okla. Civ. App. 1995) (rejecting a mandamus petition challenging a parole decision because "[a] writ of mandamus will not be granted on a prisoner's challenge to any matter related to computation of sentence or date of release unless it is shown that the prisoner would be entitled to immediate release"). As recognized by the parties, even a successful petition in state court would not entitle Petitioner to immediate release.[1] This case does not involve review of a prison disciplinary proceeding resulting in the revocation of previously earned credits. See Magar v. Parker, 490 F.3d 816 (10th Cir. 2007) (recognizing availability of Okla. Stat. tit. 57, § 564.1 (West 2007), for review of due process afforded prisoners during disciplinary proceedings). Under the facts of this case, where Petitioner seeks to be credited for days spent in custody serving other consecutive sentences, and without the possibility of immediate release, Petitioner lacks an available state court remedy. For that reason, the Court finds Respondent's motion to dismiss for failure to exhaust state remedies should be denied. Respondent shall file a response to the petition.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

---

[1] As of the filing of the motion to dismiss, Respondent states that Petitioner has 10,329 days remaining to be served on his sentence for Count 1, CF-86-3892. See Dkt. # 5 at 3, ¶ 9.

1.  Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 5) is **denied**.

2.  Within thirty (30) days of the entry of this Order, Respondent shall respond to the claim raised in the petition. <u>Extensions of time will be granted for good cause only</u>.

3.  Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondent's response to the petition.

DATED THIS 6th day of June, 2012.

                                                GREGORY K. FRIZZELL, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT