# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN STEVEN BALLARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-CV-806-GKF-FHM |
| ) | |
| TERRY MARTIN, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. In response to the petition, Respondent initially filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 5). The Court denied the motion to dismiss, see Dkt. # 7, and directed Respondent to file a response. Respondent filed a response (Dkt. # 8). Petitioner filed a reply (Dkt. # 9). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

The record provided by the parties demonstrates that Petitioner was received into custody of the Oklahoma Department of Corrections (ODOC) on May 15, 1987, on his convictions entered in Tulsa County District Court, Case No. CF-1986-3892. (Dkt. # 8-1). In that case, Petitioner was convicted by a jury of Robbery With a Firearm (Counts 1 and 2) and Possession of a Stolen Vehicle (Count 3), all After Former Conviction of a Felony. (Dkt. ## 8-1, 8-2, 8-3). He was originally sentenced to fifty (50) years on each of Counts 1 and 2 and to ten (10) years on Count 3, to be served consecutively. Id. Both of his fifty (50) year sentences were later modified by the Oklahoma Court of Criminal Appeals (OCCA) to thirty-five (35) years. (Dkt. ## 8-1, 8-2). On November 22, 1989, Petitioner was paroled on Count 1 and rebilled to serve his sentence for Count 2. (Dkt. # 8-4). On

March 19, 2002, Petitioner was paroled on Count 2 and rebilled to serve his sentence for Count 3. (Dkt. # 8-5). On October 8, 2004, he was paroled on Count 3 and discharged to the street. (Dkt. # 8-6). On December 27, 2010, his parole was revoked, based on his conviction entered October 4, 2010, in Ottawa County District Court, Case No. CF-2010-44A, and he was ordered to be incarcerated to serve the remaining portion of his sentence for Count 1, Case No. CF-86-3892, concurrently with the term received in CF-2010-44A, "with no credit for street time." (Dkt. # 8-7).

On June 6, 2011, Petitioner began the process of exhausting administrative remedies by submitting a Request to Staff asking that he be credited on his sentence for Count 1 for time served while he was incarcerated on Counts 2 and 3 after having been paroled on Count 1. (Dkt. # 8-8). He completed the exhaustion process on August 22, 2011, when the denial of his request for sentence credits was affirmed by the ODOC's Director Designee. Id. at 9.

On December 30, 2011, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises one (1) ground of error in his petition as follows: "[t]he Oklahoma Department of Corrections is improperly calculating the earned credits to be applied to Petitioner's sentence on Count 1 of CF-86-3892." Id. at 2. Petitioner argues that he is entitled to receive sentence credits for the time he was on parole on Count 1 but still incarcerated and serving his sentences on Counts 2 and 3. He asks that he be credited for 5,455 days, or for the time from November 22, 1989, when he was paroled on Count 1, to October 8, 2004, when he was released to the street on parole on Counts 2 and 3. Id. at 4. Petitioner also states that if he receives the sentence credits, he will not be "entitled to immediate release, rather only sooner release." Id. at 5.

*ANALYSIS*

Upon review of the record, the Court finds Petitioner fails to state a claim for deprivation of a constitutional right. In his reply to Respondent's response, Petitioner states that he "seeks credit for the time that he remained incarcerated in prison, 'calendar time,' while on parole on Count 1, until his actual release from confinement on October 8, 2004." (Dkt. # 9 at 4-5).

Service of a state sentence raises issues of state law and any misapplication of either the sequence of Petitioner's sentences or sentence credits does not involve the denial of a constitutional right. See Ballard v. Franklin, 463 F. App'x 732, 734-35 (10th Cir. 2011) (unpublished)[1] (citing Harris v. Dep't of Corr., 426 F. Supp. 350, 352 (W.D. Okla. 1977) ("Matters relating to sentencing, service of sentence and allowance of any credits are governed by state law and do not raise federal constitutional questions.")); see also Handley v. Page, 398 F.2d 351, 352 (10th Cir. 1968) (holding that an issue as to whether the petitioner was serving concurrent or consecutive sentences was an issue of state law that did not raise a federal issue cognizable for federal habeas corpus relief); Burns v. Crouse, 339 F.2d 883, 883 (10th Cir. 1964) (per curiam) ("Whether the Kansas statutes [entitle the petitioner to specific credits] is a matter of state law and raises no federal issue cognizable under habeas corpus."); Campbell v. Williams, 66 F. App'x 170, 173 (10th Cir. 2003) (unpublished) (a habeas petitioner's claim, involving credit for presentence time spent at home wearing a monitoring device, "is a state law issue" and did not "amount[ ] to denial of a constitutional right"); Wishom v. Roberts, 37 F. App'x 338, 339-40 (10th Cir. 2002) (unpublished) (denying a certificate of appealability on a habeas claim involving the failure to award credits against a particular sentence, because the matter involved state law allegations previously rejected by the state courts); Bowie v.

---

[1]This and other unpublished opinions herein are cited for their persuasive value. See 10th Cir. R. 32.1(A).

Franklin, 2014 WL 359138 (W.D. Okla. Feb. 3, 2014); Gruzinsky v. Martin, 2012 WL 4857926 (N.D. Okla. Oct. 12, 2012) (unpublished) (finding that allegations concerning service of a state sentence did not involve denial of a constitutional right), aff'd, Gruzinsky v. Martin, 507 F. App'x 798 (10th Cir. 2013) (unpublished); Newell v. Page, 280 F. Supp. 203, 204 (N.D. Okla. 1968) (a habeas petitioner's claim, involving credit for jail time, was "a matter of state law" (citations omitted)). In Estelle v. McGuire, 502 U.S. 62 (1991), the Supreme Court emphasized that, "'federal habeas corpus relief does not lie for errors of state law.' Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984) . . . . In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. . . ." Estelle, 502 U.S. at 67-68.

In this case, where Petitioner's sentences were served consecutively and where the Oklahoma governor refused to award credit for street time when revoking Petitioner's parole, Petitioner's challenge to the administration of his sentence does not rise to the level of a due process violation. Cf. Johnson v. Patton, 580 F. App'x 646, 653-54 (10th Cir. 2014) (remanding to district court to determine whether the petitioner had a due process liberty interest where governor had actually awarded street-time credits). Petitioner does not seek return of "earned credits," subsequently and improperly revoked. Instead, he seeks sentence credits on the balance of his time on Count 1 for time served on his consecutive sentences on Counts 2 and 3. Petitioner's claim concerns matters of state law and does not implicate a due process liberty interest. Because habeas corpus relief does not lie for errors of state law, the petition for writ of habeas corpus shall be denied.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issue in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **denied**.
2. A certificate of appealability is **denied**.
3. A separate judgment shall be entered in this matter.

**DATED** this 23rd day of December, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT